# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| JOANNA COCHRAN, | |
| Plaintiff, | |
| v. | CASE NO. 3:16-CV-115-MSH |
| | Social Security Appeal |
| NANCY A BERRYHILL, | |
| Commissioner of Social Security, | |
| Defendant. | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits, finding that he is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

# ISSUES

I. **Whether the ALJ assigned appropriate weight to the treating physician's opinion.**

II. **Whether a new psychological exam required remand.**

III. **Whether the ALJ properly discounted Plaintiff's credibility.**

## Administrative Proceedings

Plaintiff Joanna Cochran filed an application for disability insurance benefits on April 23, 2013 alleging that she has been disabled to work since January 1, 2011. Her application was denied initially on November 1, 2013 and on reconsideration on March 27, 2014. She filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on May 20, 2014, and the hearing was conducted on December 11, 2015. Plaintiff appeared at the hearing with her attorney and gave testimony, as did an impartial vocational expert (VE). Tr. 19. The ALJ issued an unfavorable decision on January 19, 2016 denying her claim. Tr. 16-31. She sought review by the Appeals Council on January 26, 2016, but was denied on June 27, 2016. Tr. 7-13, 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff now seeks judicial review of the final decision by the Commissioner to deny her application for disability benefits.

## Statement of Facts and Evidence

On the date the ALJ issued his written decision, Plaintiff was fifty-nine years old. Tr. 27. In her application for a period of disability and disability benefits she claimed that she is unable to work due to fibromyalgia, depression, anxiety, attention deficit

disorder (ADD), and a left shoulder injury. Tr. 211. She is a high school graduate and has previously worked as a cashier, medical office clerk and secretary, and bookkeeper. Tr. 54-58, 201, 212, 228.

The ALJ evaluated Plaintiff's application using the five-step sequential analysis mandated by the Commissioner's regulations. At step one, he determined that she has not engaged in substantial gainful activity since March 19, 2013, her amended onset date, and at step two found her to have severe impairments of history of fibromyalgia, history of left shoulder dislocation, and obesity. He also found non-severe medically determinable impairments of anxiety, depression, ADD, and migraine headaches. Finding Nos. 2 and 3, Tr. 21. The ALJ further determined that Plaintiff's severe impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding No. 4, Tr. 22. Between steps three and four, he formulated a residual functional capacity assessment (RFC) which permits Plaintiff to engage in a full range of sedentary work. Finding No. 5, Tr. 22-26. At step four, the ALJ established that Plaintiff's RFC allows her to resume her past relevant work as an office worker, bookkeeper, and medical office clerk. Finding No. 6, Tr. 26. Therefore, the ALJ found Plaintiff not disabled to work. Tr. 26-27.

## DISCUSSION

Plaintiff contends that three errors were committed in the consideration of her application. She argues first that the ALJ gave only little weight to her treating physician's opinion without good cause. Next, she asserts that the Appeals Council

5

should have found that a new psychological evaluation required remand. Finally, she claims that the ALJ discounted her credibility without providing adequate reasons. Pl.'s Br. 1-2, ECF No. 13. The Commissioner responds that substantial evidence supports the findings made by the ALJ in assessing the opinion of the treating physician and in his decision to discount Plaintiff's statements about her symptoms and their effect on her ability to work. Further, the Commissioner responds that the psychological report at issue does not undermine the substantial evidence supporting the ALJ's findings and the Appeals Council was correct in denying review. Comm'r's Br. 4, 11, 13, ECF No. 14.

I.  **Did the ALJ assign appropriate weight to the treating physician's opinion?**

In her first assertion of error Plaintiff contends the ALJ improperly gave only little weight to two specific opinions by her treating physician, Charles Braucher, M.D. On June 12, 2015, Dr. Braucher completed a Fibromyalgia RFC Questionnaire and reported that Plaintiff has pain and other symptoms which "constantly" interfere with her ability to perform simple work tasks. Ex. 13F, Tr. 571. He further said that she would need three to five unscheduled breaks daily and would miss four days of work a month due to her symptoms. Ex. 13F, Tr. 572-73. He also completed a Mental Impairment Questionnaire in June 2013 and rated her ability to understand, remember, and carry out simple instructions as "abnormal." Ex. 2F, Tr. 342.

The ALJ described the doctor's fibromyalgia questionnaire as one which "essentially limits (Plaintiff) to less than sedentary work." Tr. 23. He discounted the findings set forth in the questionnaire for three reasons. First, the ALJ found the conclusions to be inconsistent with other medical evidence of record. Second, he found

6

them to be inconsistent with the doctor's own clinical treatment notes. Finally, and according to the ALJ's written decision "more importantly," he found them to be contradicted by physical examination findings that were negative for symptoms which would support the extreme limitations set out in the physician's responses. Tr. 23-24.

The opinion of a treating physician must be given substantial weight unless the ALJ has good cause for doing otherwise. Good cause exists if the physician's opinions are not bolstered by the medical evidence in the record, or if the opinions are inconsistent with or contradicted by the doctor's own records of care. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2003). The ALJ noted that Dr. Braucher prescribed exercise for improving the fibromyalgia symptoms and that a January 14, 2014 physical examination by a neurologist was within normal limits and showed "full strength in all planes." Tr. 24. The ALJ explained his reasons for discounting Dr. Braucher's findings and identified the evidence in the record on which he based his decision. Because the ALJ's factual findings are supported by substantial evidence they are conclusive and the Court may not substitute its own judgment for that of the Commissioner. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991); *Barron v. Sullivan,* 924 F.2d 227, 230 (11th Cir. 1991).

Likewise, the ALJ explained why he also discounted Dr. Braucher's Mental Impairment Questionnaire responses, stating that the responses were inconsistent with the preponderance of other evidence and based on Plaintiff's subjective complaints and not actual clinical findings. Tr. 24. He noted that although she claimed inability to concentrate and complete tasks, she left her last employment to open a successful restaurant that she later sold. Tr. 26. Having set forth good cause supported by

7

substantial evidence for his determination that these two opinions of Dr. Braucher merit less than substantial or controlling weight, the ALJ did not err.

II. **Did a new psychological exam require remand?**

Plaintiff submitted a psychological evaluation to the Appeals Council and contends in her second argument that the Appeals Council should have remanded her claim to the ALJ in light of the new evidence. The Appeals Council stated that the new report was considered but did not provide a basis for remand. The new evidence is an evaluation by Matt Butryn, Ph.D. dated April 20, 2016.

The Court has reviewed Dr. Butryn's report which says that Plaintiff left her most recent relevant work as a medical receptionist because of what she viewed as a conflict of interest involving one of the doctors in the practice. Tr. 576. She told Dr. Butryn that she stays active engaging in grocery shopping, cooking, and doing laundry although she tires easily. Dr. Butryn described her as "bright" and noted a perfect 30/30 score on one of the tests he administered. Tr. 577. He diagnosed her with moderate depression and mild neurocognitive disorder. Tr. 579. While Dr. Butryn includes observations about Plaintiff's ability to concentrate and complete tasks that are extreme, they are based on a single clinical presentation almost two years after June 30, 2014, the last relevant date in her claim. On its face, it is therefore both irrelevant and immaterial. *Carroll v. Comm'r of Soc. Sec.,* 2011 WL 6152279 (11th Cir. Dec. 12, 2011). Dr. Butryn does reference notes made and conclusions reached within the relevant period by Dr. Braucher, but the ALJ properly discounted those notes and conclusions. The Court cannot say that the Commissioner's decision in Plaintiff's case is not well-supported by substantial evidence

or that the report by Dr. Butryn would render her decision to deny Plaintiff benefits is erroneous. *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780 (11th Cir. 2014). Plaintiff's second contention has no merit.

### III.  Did the ALJ properly discount Plaintiff's credibility?

In her third and final assertion, Plaintiff argues that the ALJ improperly discounted her credibility regarding the symptoms caused by her impairments. Pl.'s Br. 2, 19. The ALJ stated in his decision that he considered all of her symptoms and the extent to which they could be reasonably accepted as consistent with the evidence of record, citing to the regulatory requirements in doing so. He properly set forth the process followed in the evaluation of subjective complaints. Tr. 22-23. He made a specific finding that the preponderance of evidence did not support her allegations and hearing testimony concerning the functional limitations caused by her symptoms and gave a series of reasons for his conclusions with citations to the record. The Court has reviewed the reasons and reviewed the entire record as well. The ALJ properly applied the pain standard, determined that her complaints were not supported by the medical evidence and were inconsistent with the record evidence including her daily activities and work history. He articulated the basis for his conclusions and made adequate and explicit findings. *Preston v. Barnhart,* 187 F. App'x 940, 941 (11th Cir. 2006); *Hennes v. Comm'r of Soc. Sec.,* 130 F. App'x 343, 347-49 (11th Cir. 2005). The court finds no error and Plaintiff's third argument lacks merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security

Commissioner is affirmed.

SO ORDERED, this 15th day of August, 2017.

<u>/s/ Stephen Hyles</u>
UNITED STATES MAGISTRATE JUDGE